IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

```
LUCILE ASKEW, Individually  )
and as Administratrix of    )
the Estate of Linzie Askew, )
                            )
    Plaintiff,               )
                            )    CIVIL ACTION NO.
    v.                      )      3:08cv865-MHT
                            )         (WO)
R & L TRANSFER, INC., and   )
KENNETH LEE HOLT, an        )
Individual,                 )
                            )
    Defendants.             )
```

OPINION AND ORDER

Plaintiff Lucile Askew, personal representative for the estate of her deceased husband, brings this suit against defendants Kenneth Holt and R & L Transfer, Inc. for the wrongful death of her husband. Plaintiff's husband was killed when a tractor trailer, allegedly owned by R & L Transfer and driven by Holt, collided with his vehicle in Chambers County, Alabama. Plaintiff charges defendants with multiple state-law claims asserting negligence and wantonness. This court has

jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship). This case is currently before the court on R & L Transfer's motion for entry of protective order. For the reasons that follow, this motion will be denied.

In resolving a pending summary-judgment motion, the court requested that R & L Transfer file information explaining its corporate structure and that of its affiliates. The company complied with this request, but asks that the court issue a protective order to shield this information from being made available to the public.

Fed.R.Civ.P. 26(c)(1)(G) states that "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." "Before entering any protective order, the Court must find that good cause warrants the entry of the order with respect to each

category of documents or information sought to be included in the order." In re Alexander Grant & Co. Litigation, 820 F.2d 352, 355-57 (11th Cir. 1987).

R & L Transfer has not shown good cause to warrant entry of the protective order. While the corporate structure of R & L Transfer may be confidential commercial information, the disclosure of this information must "likely . . . result in a clearly defined and very serious injury" to warrant protection. Lockheed Martin Corp. v. Boeing Co., 2005 WL 5278461, at *2 (M.D. Fla. 2005) (Spaulding, M.J.); see In re Alexander Grant & Co. Litigation, 820 F.2d at 356 ("ascertaining the existence of good cause" generally includes an inquiry into "'the severity and the likelihood of the perceived harm ....'") (citation omitted); see also 8 C. Wright, A. Miller & R. Marcus, Federal Practice and Procedure § 2043, at 556-57 (2d ed. 1994) ("Besides showing that the information qualifies for protection, the moving party must also show good

3

cause for restricting dissemination on the ground that it would be harmed by its disclosure.").

While R & L Transfer asserts that it wants to prevent this information from being "used or disclosed outside the litigation" and fears that the "information might be misused," defendant's brief (doc. no. 51) at 4-5, it has offered no evidence that specific or actual harm would result from the dissemination of its corporate structure to the public.  Indeed, the company itself offers information about its corporate structure on its public website.  The website explains that the company is family-owned and operated and that R & L Carriers controls Gator Freightways.  The R & L Family, http://www.rlcarriers.com/history.asp (last visited Dec. 7, 2009).

R & L Transfer has failed to offer a sufficient showing of "good cause" for a protective order for this evidence, as required by Fed.R.Civ.P. 26 (c)(1)(G).

***

4

For the foregoing reasons, it is ORDERED that defendant R & L Transfer, Inc.'s motion for entry of protective order (Doc. No. 48) is denied.

DONE, this the 17th day of December, 2009.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE